IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| **TERRI L. WILLIAMS,** | * | |
| Plaintiff, | * | |
| v. | * | Civil No. RWT 13-2527 |
| **SYLVIA M. BURWELL,** *Secretary, United States Department of Health and Human Services*, *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Plaintiff Terri L. Williams is a former Program Analyst for the Department of Health and Human Services ("DHHS"). Williams claims that DHHS discriminated against her on the basis of sex, age, and race, in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*  *See* ECF No. 1.  She also alleges that DHHS took retaliatory actions against her for engaging in protected activity. *Id.* The Defendants have filed a Motion to Dismiss or in the Alternative for Summary Judgment. ECF No. 16. For the reasons stated more fully below, the Court will grant the motion.[1]

---

[1] Williams also seeks leave to file a surreply. ECF No. 29. However, after reviewing her request, it does not appear that Williams would put forth any additional relevant evidence or new legal arguments. For example, Williams argues she will show that her supervisors were aware of her EEO complaints. *Id.* at 2-4. That may be true, and may be enough to establish a *prima facie* case, but because Williams does not propose to produce evidence to counter DHHS's articulated non-retaliatory justifications for its actions, this evidence would not be sufficient to overcome summary judgment. Accordingly, this request will be denied.

**BACKGROUND**

I.   **Employment History at DHHS**

Williams began working for DHHS in 1991. ECF No. 1 at 4. She was promoted to the Program Analyst position in 2005 at the GS-9 pay grade, with a full promotion potential to the GS-13 pay grade. *Id.* at 5. In 2007 she was promoted to the GS-12 pay grade. *Id.* In 2009, she was reassigned from the Division of Application of Research Discoveries to the Office of Communications. *Id.* At the Office of Communications, her first line supervisor was Ann Taubenheim, and her second line supervisor was Sally McDonough. *Id.*; ECF No. 16-1 at 2.

There is no evidence that, prior to 2010, Williams had ever had any performance or disciplinary issues at DHHS. On March 9, 2010, Williams received a Performance Management Plan ("PMAP") for 2010, which outlined her performance expectations for that year. ECF No. 16-3. On June 30, 2010, Taubenheim reviewed with Williams her progress against the PMAP. ECF No. 16-4. Taubenheim noted that many aspects of Williams's work needed improvement, although she stopped short of calling Williams's work unacceptable. *Id.*; ECF No. 24-12 at 3. On November 16, 2010, Taubenheim informed Williams that her work to that point in the year had, indeed, become unacceptable, and placed Williams on a Performance Improvement Plan ("PIP") for 60 days. ECF No. 16-6. The PIP required Williams to accomplish specific tasks under the close supervision of Taubenheim at a level that was at least "minimally acceptable." *Id.* Williams was informed that failure to accomplish these tasks at a minimally acceptable level would result in her proposed removal from Federal Service. *Id.* At the end of the 60-day PIP period, Taubenheim determined that Williams's performance remained at an unacceptable level, and proposed that she be terminated. ECF No. 16-9. Williams was terminated effective June 24, 2011. ECF No. 1 at 11-12.

## II.     EEO Complaints

Because the Office of Communications was a new office, every employee needed a new position description, and there was some delay in providing Williams with hers.  ECF No. 27-7 at 7.  In January 2010, she was given a standard position description for a Program Analyst at the GS-12 level.  ECF No. 24-5.  Apparently, the language of the position description caused Williams to believe that her promotion potential was being capped at the GS-12 level instead of the GS-13 level.  However, there is no evidence in the record to suggest that Williams's promotion potential was actually being changed; to the contrary, there is only evidence that she still had the potential to be promoted to GS-13.  ECF No. 24-7 at 7-8 (2009 emails from McDonough and Taubenheim assuring Williams that her position still had promotion potential to GS-13); ECF No. 27-2 (document from July 2010 stating that Williams's position had full promotion potential to GS-13).  However, it was this misunderstanding that apparently led Williams to file her first Equal Employment Opportunity ("EEO") complaint.  ECF No. 24-7 at 6.  Williams would file two more EEO complaints, on September 7, 2010, and November 23, 2010. ECF No. 1 at 10-11.

## STANDARD OF REVIEW

### I.     Summary Judgment[2]

Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 302 (4th Cir. 2006).  A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting

---

[2] The Defendants' motion seeks dismissal or, in the alternative, summary judgment.  Because the motion refers to extensive matters not contained in the Complaint, the motion will be decided under the summary judgment standard.

*Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). A dispute of material fact is only "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248-49. However, the non-moving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1986). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).

The Court may only rely on facts supported in the record, not simply assertions in the pleadings, in order to fulfill its "affirmative obligation . . . to prevent 'factually unsupported claims or defenses' from proceeding to trial." *Felty v. Grave-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex*, 477 U.S. at 323-24). When ruling on a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255 (emphasis added). However, "if the evidence is merely colorable or not significantly probative, it may not be adequate to oppose entry of summary judgment." *Thompson Everett, Inc., v. Nat'l Cable Adv.*, 57 F.3d 1312, 1323 (4th Cir. 1995).

## II. Application of the McDonnell Douglas Standard

A review of the facts and allegations in this case shows that Williams has not put forth any direct evidence of discrimination. Accordingly, in evaluating the law and material facts on the record, this Court will apply the *McDonnell Douglas* burden shifting standard. In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the Supreme Court established a burden-shifting framework for evaluating claims of employment discrimination and retaliation

under Title VII.[3]  Under this framework, Williams has the initial burden of establishing a *prima facie* case by a preponderance of the evidence.  *McDonnell Douglas*, 411 U.S. at 802; *Evans v. Technologies Applications & Service Co.*, 80 F.3d 954, 959 (4th Cir. 1996).  If Williams establishes a *prima facie* case, the burden of production shifts to DHHS to articulate legitimate, nondiscriminatory reasons for its actions.  *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000).  Williams must then prove by a preponderance of evidence that the legitimate reasons offered by DHHS are but a pretext for discrimination, thus creating an inference that DHHS did act with discriminatory intent.  *Id.* at 143.  If Williams cannot produce evidence demonstrating the falsity of her employer's proffered reasons, DHHS is entitled to summary judgment as a matter of law.  *Id.* at 148.

## ANALYSIS

### I.     Williams Fails to Establish a Prima Facie Case of Discrimination

To make out her *prima facie* case of discrimination, Williams must show that she is a member of a protected class, that she suffered an adverse employment action, that at the time of the adverse employment action she was performing at a level that met DHHS's legitimate expectations, and that the circumstances give rise to an inference of unlawful discrimination.  *Adams v. Trustees of the Univ. of N.C.-Wilmington*, 640 F.3d 550, 558 (4th Cir. 2011).  Plaintiff's discrimination claim fails because she cannot show that she was meeting DHHS's legitimate expectations.

There is substantial evidence in the record that Williams's performance at the time of the various adverse actions she complains of did not meet the legitimate expectations of Taubenheim or McDonough.  At a meeting on June 30, 2010, Taubenheim informed Williams of various

---

[3] Claims of discrimination under the ADEA, and claims of retaliation, can be analyzed using the *McDonnell Douglas* burden shifting framework of Title VII.  *See Warch v. Ohio Casualty Ins. Co.*, 435 F.3d 510, 513-514 (4th Cir. 2006); *Laughlin v. Metropolitan Washington Airports Authority*, 149 F.3d 253, 258 (4th Cir. 1998).

areas of her performance that needed improvement. ECF No. 16-4. For example, Williams was having a problem meeting deadlines, and her written drafts required extensive and repeated revisions, issues that would plague her until she was terminated. *Id.* at 1, 4-5. When Williams failed to improve, she was placed on a PIP that further detailed how her performance was falling short of expectations. ECF No. 16-6. During the PIP period, Williams had weekly meetings with Taubenheim to review her progress. The recaps Williams produced of those meetings demonstrate her continued struggles in meeting the requirements of the PIP. ECF No. 16-8. Finally, in the Notice of Proposed Removal, Taubenheim goes into specific detail about exactly where Williams's performance was deficient. ECF No. 16-9. Williams does not produce any relevant evidence to counter these well-documented performance issues, nor does she produce any evidence that DHHS's performance expectations were illegitimate. Given the extensive evidence DHHS produces showing Williams's consistent failure to meet its legitimate expectations, Williams cannot show that there is a genuine dispute as to her performance issues. *See King v. Rumsfeld*, 328 F.3d 145, 149 (4th Cir. 2003) (upholding grant of summary judgment where employer "offered substantial evidence that [employee] was not in fact meeting legitimate job performance expectations").

Williams relies heavily on her prior employment record in attempting to counter DHHS's argument that she was not meeting legitimate performance expectations. *E.g.* ECF No. 24 at 5. There is no dispute that Williams had been rated as a good employee until the events of which she now complains. ECF No. 24-25 at 5 (rating Williams's 2007 performance as exceptional). However, prior good evaluations are not determinative, because the inquiry is made as of the time of the adverse employment action and, of course, circumstances may change. *See Schaff v. Shalala*, No. CIV. A. HAR 93-1251, 1994 WL 395751, *7 (D. Md. July 14, 1994).

Indeed, where, as here, there has been a significant change to the conditions of employment shortly before performance issues arise, prior good evaluations become much less relevant. Williams had been reassigned to a different office within the agency, and in that process her supervisors had changed. It is not surprising that different supervisors in a different office would have different legitimate expectations of Williams, and thus would evaluate her differently. It is unfortunate for Williams, and understandably frustrating, that this shift in expectations operated to her detriment, and ultimately led to her termination from the Federal Service. But Williams's new supervisors were entitled to establish their own legitimate expectations for Williams, and nothing in federal law required them to adhere to her prior supervisors' expectations or evaluation of her performance at an earlier time.

## II.     Williams has Failed to Show Retaliation

In order to make out a *prima facie* case of retaliation, Williams has to show that she engaged in a protected activity, that DHHS took a materially adverse employment action against her, and that there is a causal connection between the protected activity and the adverse employment action. *King*, 328 F.3d at 150-151. DHHS then must show a legitimate, non-retaliatory reason for the adverse action, after which the burden shifts to Williams to show that the articulated reason is pretext. *E.E.O.C. v. Navy Fed. Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005).

Assuming that Williams can make out a *prima facie* case of retaliation, her retaliation claim fails for much the same reasons that her discrimination claim fails. There were legitimate, non-retaliatory reasons for the adverse actions taken against her. Specifically, Williams's continued poor performance, as amply documented in the record, provides a legitimate basis for

the adverse actions. Williams has produced no evidence to show that those reasons were pretextual. Therefore, her retaliation claim fails.

### III. Williams Has Failed to Show a Hostile Work Environment

Williams alleges a hostile work environment based on the same actions she claims were discriminatory. To establish a hostile work environment, Williams must show, *inter alia*, that the actions underlying the creation of the hostile work environment were the result of discrimination. *See Causey v. Balog*, 162 F.3d 795, 801 (4th Cir. 1998). As previously explained, because none of the actions Williams complains of were discriminatory, they cannot form the basis for a hostile work environment claim. *Id.*

### IV. Plaintiff May Not Bring Claims under 42 U.S.C. § 1981 Against DHHS

Williams alleges unlawful retaliation and discrimination under 42 U.S.C. § 1981. Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976). Accordingly, Williams may not assert claims against DHHS under 42 U.S.C. § 1981.

### CONCLUSION

Plaintiff has failed to produce any evidence which would allow a reasonable jury to find in her favor. Accordingly, the Court will grant the Defendant's Motion for Summary Judgment [ECF No. 16] and enter judgment in favor of Defendants. A separate Order follows.

Dated: November 5, 2014

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE